UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| | ) | |
| THE EXTRADITION OF | ) | Misc. No. 20-mj-00034-STV |
| | ) | |
| CZESLAW KUBICKI | ) | |

COMPLAINT
(18 U.S.C. § 3184)

I, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1. In this matter, I represent the United States in fulfilling its treaty obligations to the Republic of Poland ("Poland").

2. There is an extradition treaty in force between the United States and Poland, the Extradition Treaty Between the United States of America and the Republic of Poland, U.S.-Pol., July 10, 1996, S. TREATY DOC. NO. 105-13 (1997) and the Agreement Between the United States of America and the Republic of Poland on the application of the Extradition Treaty Between the United States of America and the Republic of Poland signed 10 July 1996, U.S.-Pol., June 9, 2006, S. TREATY DOC. NO. 109-14 (2006) (hereinafter, "the Treaty", attached hereto as Attachment A).

3. Pursuant to the Treaty, the Government of the Republic of Poland has submitted a formal request through diplomatic channels for the extradition of Czeslaw KUBICKI ("KUBICKI").

4. According to the information provided by the Government of the Republic of Poland, KUBICKI was charged with two counts of fraud in violation of Article 286, section 1 of the

Criminal Code of Poland.[1]

    a. Article 286 provides that, "[a]ny person who, in order to obtain a property benefit, causes another person to disadvantageously alienate his/her property or someone else's property by misleading the person or taking advantage of his/her mistake or inability to understand properly the activity undertaken, is liable to a penalty of imprisonment for a period of 6 months up to 8 years."  Article 294 enhances the penalty from one year up to 10 years where the offenses involve property of "substantial value."

5.     These offenses were committed within the jurisdiction of the Republic of Poland.  A warrant for KUBICKI's provisional arrest was issued on June 17, 2015, by the District Prosecutor's Office in Kielce, Poland.  The statute of limitations governing these offenses in Poland is 25 years, pursuant to Articles 101 and 102 of the Polish criminal code.[2]

6.     The warrant was issued based on the following facts:

    In April of 1995, KUBICKI established an alcohol wholesale business named Bartex based in Kielce, Poland.  KUBICKI ordered liquor from multiple manufacturers in Poland.  Initially, KUBICKI paid the company's obligations, but after a few months he fell into arrears.  KUBICKI assured the contracting parties over the telephone and through letters that he would repay them.  At least two manufactures demanded that KUBICKI provide a collateral security to ensure his repayment of the debt.

---

[1]     KUBICKI was also charged with a third count of fraud that related to the nonpayment of goods he received, but his extradition is not sought for this offense.

[2]     Pursuant to the Treaty, the applicable statute of limitations is that set by the Polish criminal doe.  *See, e.g., Mirela v. United States*, __F. Supp. 3d ___, 2019 WL 4573260, at *7 (D. Conn. Sept. 20, 2019) (explaining that statute of limitations issues are set by treaty, and ultimately left to the determination of the Secretary of State).

On November 15, 1995, KUBICKI entered into an agreement with Spirits and Industry Enterprise whereby he transferred the title of an Opel Frontera vehicle (registration number KJE 4103) to Spirits and Industry Enterprise.  The agreement was subject to a condition that if KUBICKI repaid his debt by a certain date, the transfer of title would be void.  KUBICKI failed to repay his liabilities, and instead sold the car on March 26, 1996 without advising the buyer that he no longer held legal title to the car.

On January 31, 1996, KUBICKI entered into an agreement with Vodka Factory whereby he transferred the title of a Pontiac Trans Sport vehicle (VIN 1GMDU06LIST227668) to Vodka Factory.  The agreement was subject to a condition that if KUBICKI repaid his debt by a certain date, the transfer of title would be void.  KUBICKI failed to repay his liabilities, and instead sold the car on March 25, 1996 without informing the buyer that he no longer held legal title to the car.

KUBICKI is believed to have left Poland on or around March 30, 1996 in order to avoid paying off his debts and/or the prosecution of the above explained fraudulent acts.

7.     KUBICKI is within the jurisdiction of this Court at 22406 East Maplewood Place, Aurora, Colorado 80015.

8.     Such facts would also support charges in the United States, included but not limited to, 18 U.S.C. §§ 1341, 1343, and various state offenses.

9.     Michael N. Jacobsohn, an attorney in the Office of the Legal Adviser of the U.S. Department of State, has provided the U.S. Department of Justice with a declaration authenticating a copy of the diplomatic note by which the request for extradition was made and a copy of the Treaty.  The declaration states that the offenses for which extradition is sought are covered by the Treaty, and confirms that the documents supporting the request for extradition bear the certificate or seal of the Ministry of Justice of Poland, in accordance with Article 10 of the Treaty, so as to

enable them to be received into evidence.

10. The declaration from the U.S. Department of State with its attachments, including a copy of the diplomatic note from the Republic of Poland, a copy of the Treaty, and the certified documents submitted in support of the request, (marked collectively as Government's Exhibit #1) are filed with this complaint and incorporated by reference herein.

Dated this 27th day of February, 2020.

>                             JASON R. DUNN
>                             United States Attorney
>
>                             *s/ Sarah H. Weiss*
>                             SARAH H. WEISS
>                             Assistant United States Attorney
>                             1801 California Street, Suite 1600
>                             Denver, CO 80202
>                             ph. 303.454.0100
>                             sarah.weiss@usdoj.gov

Submitted, attested to, and acknowledged by reliable electronic means this 27th day of February, 2020.

_____
United States Magistrate Judge

4