UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In the Matter of the Extradition of | ) ) ) ) ) ) | No. 1:20-mj-00034-STV |
| Czeslaw Kubicki | | |

**RESPONSE IN OPPOSITION TO MOTION TO STAY THE EXECUTION OF THE CERTIFICATION AND COMMITTAL FOR EXTRADITION [Dkt. 55]**

On October 28, 2020, this Court issued an order pursuant to 18 U.S.C. § 3184, certifying the extradition of Czeslaw Kubicki to Poland on the two fraud charges for which extradition was requested, and committing him to the custody of the United States Marshal no later than 1:00 p.m. MST on November 13, 2020, pending further decision on extradition and surrender by the Secretary of State pursuant to 18 U.S.C. § 3186. [Dkt. 52.] Kubicki now seeks a stay of that order pending his not-yet-filed habeas petition. [*See* Dkt. 31.] The Court should deny Kubicki's stay request.

As the party seeking a stay, Kubicki bears the burden of showing that the circumstances justify it. *Nken v. Holder*, 556 U.S. 418, 433-434 (2009). A stay is not automatic; on the contrary, a stay "is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right even if irreparable injury might otherwise result to the appellant." *Nken*, 556 U.S. at 427 (internal quotation marks and citations omitted). Whether a movant will be granted a stay is not a matter of right, but instead an exercise of judicial discretion, which depends "on the circumstances of the particular case." *Id*. at 433.

In considering whether to exercise its discretion in granting Kubicki's motion to stay the Certification Order, this Court should apply the familiar standard set forth by the Supreme Court

in *Nken*, namely: (1) whether Kubicki has made a strong showing of the likelihood of success on the merits; (2) whether he will be irreparably injured absent a stay; (3) whether a stay will substantially injure other parties; and (4) where the public interest lies. *Id*. at 426. "The first two factors . . . are the most critical." *Id*. at 434.

Kubicki cannot meet this standard. Far from identifying any flaw in this Court's reasoning that would merit reversal, Kubicki merely incorporates and repeats the same arguments that have already failed. Neither does Kubicki note any specific evidence that was not considered at the extradition hearing that would tip the decision in his favor on appeal. Kubicki simply posits that "at least one of the aforementioned issues has a likelihood of success" without even attempting to explain how this is so. [Dkt. 55, 4.] "It is not enough that the chance of success on the merits be better than negligible." *Nken*, 556 U.S. at 434. Thus, Kubicki has failed to make an actual showing of a likelihood of success on the merits of a challenge to this Court's certification.

Moreover, Kubicki has made no showing of irreparable harm. Kubicki's alleged harm is that he could be extradited while his habeas petition is pending before the district court. But, he notes that the government has already stated—in writing—that it would do no such thing. Specifically, the government's letter stated:

> "[I]f a habeas petition is filed within fourteen days from the date the Certification was entered on the court's docket, there is no need for the fugitive to seek a court-ordered stay of surrender during the pendency of habeas litigation in the district court because the Secretary [of State] will not issue a surrender warrant, and the fugitive will not be surrendered to the foreign authority, unless and until the district court denies the petition."

[Ex. A at 2 (Letter dated Oct. 28, 2020).] Accordingly, Kubicki does not need a stay to ensure that he is not extradited during the pendency of his habeas claim before this Court.

Finally, the entry of a stay here may harm the government, the Republic of Poland, and

possibly Kubicki. A stay would temporarily deprive this Court's certification of legal effect. *See Nken*, 556 U.S. at 428-29 & n.1 (a stay "suspends the effect of the . . . order" and "it does so by returning to the status quo—the state of affairs before the . . . order was entered"). Because this case faces an imminent statute of limitations deadline, the ultimate effect of preventing the Secretary from considering the case could be to significantly condense the timeline for review. This has the potential to harm all parties involved.

For these reasons, the Court should deny Kubicki's request for a stay of the Court's Certification Order.


Dated this 9th day of November, 2020.

Respectfully submitted,

JASON R. DUNN
United States Attorney

By:

*s/ Sarah H. Weiss*
SARAH H. WEISS
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO 80202
ph. 303.454.0100
sarah.weiss@usdoj.gov

*s/ Katelyn B. Benton*
KATELYN B. BENTON
Trial Attorney
1301 New York Avenue N.W.
Washington, D.C. 20530
ph. 202.616.1935
katelyn.benton@usdoj.gov

Attorneys for the Government

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 9th, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Sarah H. Weiss*
Sarah H. Weiss
Assistant United States Attorney
United States Attorney's Office
1801 California Street #1600
Denver, CO 80202